REQUESTED BY: Dear Senator:
We are in receipt of your letter of July 21, 1978, in which you raise certain questions concerning the application of section 32-504(2)(a), 1977 Supp. For the sake of clarification, the pertinent language of this subsection is set out below:
 "Each of the candidates for the office of Governor and Lieutenant Governor circulating or having petitions circulated in his or her behalf after the primary election and prior to the general election shall prior to the circulation of such petition or petitions select the person whom he or she wishes to be his or her team member for ballot purposes. Two thousand signatures on the petition or petitions carrying the names of the candidates for Governor and Lieutenant Governor shall be sufficient for the placing of both names jointly on the general election ballot. . . ."
You first ask whether or not a person is restricted from filing for just the office of Lieutenant Governor under this statute. Since one individual can only file for one office we assume you are asking whether or not an individual can file in this manner for the office of Lieutenant Governor without designating a person who will seek election on their `team' as Governor. We believe the statute clearly requires all candidates for Lieutenant Governor and Governor to designate prior to circulating petitions in an effort to be placed upon the ballot by petition, the name of a person the individual wishes to be their team member. Stated differently we believe this section prohibits a person from running for the office of Lieutenant Governor if he is not attached by preference to an individual seeking the office for Governor.
You also ask whether or not the individual's opportunity for the office of Lieutenant Governor would be contingent upon the completion of the petition of an individual running for Governor. If you mean by this would it be necessary for a candidate for the office of Lieutenant Governor to file a petition containing the requisite number of signatures on which appeared the name of a gubernatorial candidate we agree. We do hasten to point out however that only one petition needs to be circulated on behalf of both the person seeking the office of Lieutenant Governor and Governor.
You finally ask whether or not if, in fact, both persons must run as a team as in fact they must whether or not this unduly hinders the process of petition candidates from seeking the offices of Lieutenant Governor or Governor. We assume you are asking whether or not the fact that a candidate for Governor or Lieutenant Governor must run as a team hinders or unduly restricts the right of an individual to seek one of these elective offices.
It is difficult for us to respond to this inquiry in that you appear to be seeking our personal opinion rather than our informed conclusion as to this statute's constitutionality. You have asked if we believe clarification or additional legislation is needed. We believe the statutory language is clear and suggest that in the absence of a judicial determination of unconstitutionality that you as a legislator are in an excellent position to form a conclusion as to the desirability of the retention of this language.
Should you care to propose legislation to either repeal this language or to amend it, we would be most happy to review the same and offer any legal observations concerning it you might desire.